10-3448-ag
Local Union 36 Int'l v. Nat'l Labor Relations Board

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2010

(Submitted on: October 19, 2010          Decided: November 12, 2010)

Docket No. 10-3448-ag

LOCAL UNION 36, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,
AFL-CIO,

*Petitioner,*

— v.—

NATIONAL LABOR RELATIONS BOARD,

*Respondent.*

B e f o r e:

NEWMAN, WINTER, and LYNCH, *Circuit Judges.*

Respondent National Labor Relations Board moves to transfer this case to the District of Columbia Circuit. It argues that, because it did not receive from either party a petition for review "stamped by the court with the date of filing," 28 U.S.C. § 2112(a)(2), the case should be heard in that Circuit, where proceedings in this matter were first instituted pursuant to 28 U.S.C. § 2112(a). We conclude that, where a party files a

petition for review in the Second Circuit and then serves the agency with the petition accompanied by the email, bearing the date and time of filing, by which the petition was filed, the party has satisfied the requirements of 28 U.S.C. § 2112(a)(2).

DENIED.

———————

James R. LaVaute, Brian J. LaClair, Blitman & King LLP, Syracuse, New York, *for Petitioner*.

Linda Dreeben, Deputy Associate General Counsel, National Labor Relations Board, Washington, D.C., *for Respondent*.

James S. Gleason, Hinman, Howard & Kattell, LLP, Binghamton, New York, *for Intervener Rochester Gas & Electrical Corporation*.

———————

GERARD E. LYNCH, *Circuit Judge*:

Respondent National Labor Relations Board ("NLRB") moves to transfer this case to the District of Columbia Circuit. It argues that, because it did not receive a petition for review "stamped by the court with the date of filing," 28 U.S.C. § 2112(a)(2), from either party seeking review of its decision, the case should be heard where proceedings were first instituted, in the D.C. Circuit, pursuant to 28 U.S.C. § 2112(a). We conclude that, where a party files a petition for review in the Second Circuit and then serves the agency with the petition accompanied by the email, bearing the date and time of filing, by which the petition was filed, the party has satisfied the requirements of 28

2

U.S.C. § 2112(a)(2).  We therefore deny the motion.

**BACKGROUND**

On August 16, 2010, the NLRB issued a Decision and Order requiring Rochester Gas & Electric Corporation ("Rochester Gas") to bargain with Local Union 36, International Brotherhood of Electrical Workers, AFL-CIO ("Local Union 36"), regarding the effects of Rochester Gas's decision to discontinue the practice of allowing company employees to take their service vehicles home at the end of their shifts.  On August 20, 2010, Rochester Gas filed a petition for review of the NLRB's order in the District of Columbia Circuit.  Rochester Gas also served a copy of the petition, via Federal Express, upon the NLRB.  The D.C. Circuit court date-stamped Rochester Gas's petition for review as "filed" on August 20, 2010, but the copy of the petition sent to the NLRB was not date-stamped.  On August 26, 2010, Local Union 36 electronically filed a petition for review of the NLRB's order in this Court, and emailed a copy of the petition, accompanied by a copy of the electronic filing message sent to this Court, to the NLRB.  The emailed copy of the petition was not date-stamped directly by the Court with the date of filing, but the copy of the electronic filing message forwarded along with the petition did contain the date and time the petition for review was filed.

The NLRB now moves to transfer this case to the D.C. Circuit pursuant to 28 U.S.C. § 2112.  Separately, Rochester Gas moves to intervene as of right pursuant to Fed. R. App. P. 15(d).  It does not address the NLRB's motion to transfer venue.

3

**DISCUSSION**

Pursuant to 28 U.S.C. § 2112(a)(1), if, within ten days after the issuance of an order, the NLRB receives only one "petition for review" filed in a court of appeals, then it must file the relevant record in that court of appeals, "notwithstanding the institution in any other court of appeals of proceedings for review of that order." Id. If, however, the NLRB receives, within ten days, two "petitions for review" filed in separate courts of appeals, then it must notify the judicial panel on multidistrict litigation, which "shall, by means of random selection, designate one court of appeals in . . . which petitions for review have been filed and received within the ten-day period . . . and shall issue an order consolidating the petitions for review in that court of appeals." Id. § 2112(a)(3). In any other case, where proceedings respecting the same order were instituted in two or more courts of appeals, but no "petition for review" is filed within ten days of the order, the board "shall file the record in the court in which proceedings with respect to the order were first instituted." Id. § 2112(a)(1). All courts where proceedings have been instituted regarding the same order must transfer the proceedings to the court where the record is properly filed. Id. § 2112(a)(5).

At issue in the instant motion is what constitutes a "petition for review" for purposes of section 2112(a), which in this case turns on the meaning of the seemingly straightforward phrase "stamped with the date of filing." The statute states that "a copy of the petition or other pleading which institutes proceedings in a court of appeals and

4

*which is stamped by the court with the date of filing* shall constitute the petition for review." Id. § 2112(a)(2) (emphasis added).

The NLRB acknowledges that it received two copies of petitions instituting proceedings within ten days of its order and that, if it receives two qualifying "petitions for review" filed in two different courts of appeals within ten days of an order, then the court of appeals that will hear the case is determined randomly. Id. § 2112(a)(3). However, it argues that, because neither of the copies of the petitions it received were "stamped by the court with the date of filing," id. § 2112(a)(2), they did not constitute "petition[s] for review" for purposes of the statute, and, therefore, it received no "petitions for review" within ten days of the order. Accordingly, the NLRB contends that the case should be transferred to the D.C. Circuit where "proceedings with respect to the order were first instituted." Id. § 2112(a)(1).

In opposition to the NLRB's motion, Local Union 36 argues that the statute did not contemplate mandatory electronic filing – such as is required in the Second Circuit – and therefore its service upon the NLRB of the petition accompanied by a copy of the email in which it was filed – which contained the date and time when the petition was filed – satisfied the "stamped by the court with the date of filing" requirement set forth in section 2112(a)(2). Thus, according to Local Union 36, the NLRB received from Local Union 36 a proper "petition for review" filed in this Court from Local Union 36 within ten days of the agency's order, and, because Rochester Gas failed to serve a proper date-stamped

5

"petition for review" on the NLRB within ten days of the order, the case should remain in this Court. See id. § 2112(a)(1).

We have not previously addressed whether service upon an agency of a copy of a petition initiating proceedings in this Court, accompanied by proof of the date of the electronic filing of that petition, but lacking a date-stamp placed directly by the Court, can satisfy the "petition for review" definition set forth in 28 U.S.C. § 2112(a)(2). Prior to our Court's shift to electronic filing, parties would file hard-copy petitions for review, which would be physically stamped with the date of filing by the Court. Thus, compliance with section 2112(a)(2) was straightforward. However, under our new procedures, which require such petitions to be filed electronically, there is no direct replacement for the physical stamping. As we explain below, given the shift in our Court's procedures, we conclude that service upon an agency of a petition initiating proceedings in this Court, accompanied by the filing email containing the date on which the petition was filed, suffices to constitute a "petition for review" for purposes of section 2112(a)(2).

Under the Local Rules of the Second Circuit, an "initiating document," such as a petition for review of an agency proceeding, is filed by emailing an electronic version of the document to a Second Circuit email address, newcases@ca2.uscourts.gov. Second Circuit Local Rule 25.1(c)(2). Such an "initiating document . . . is considered filed as of the date and time indicated on the email submission," id. 25.1(d)(2), and is to be served

6

on other parties by email, id. 25.1(h)(3). After a petition for review is received by this Court, a docket is created in our electronic case management ("CM/ECF") system. However, there is no automatic court response to receipt of the petition that would be analogous to having the petition physically stamped upon receipt of a hard-copy document at the courthouse.[1]

This does not, however, leave the opposing party without the ability to verify when the petition was filed. A copy of the email that filed the petition can be forwarded to the opposing party, and, if a party desires further confirmation of the date the petition was filed, it may check the docket sheet – once it is created – which will indicate when the petition was filed. However, as is true in the instant case, the date of filing may differ from the date on which the petition is later docketed by the Court.

Under the rules of this Court, then, Local Union 36's only method of ensuring that it satisfied the requirements of section 2112 was to serve upon the NLRB a copy of the petition accompanied by the email in which the petition was filed indicating the time and date on which it was filed. We conclude that, because, pursuant to this Court's procedures, there is no direct analogue to a date stamp placed on the petition directly by

---

[1] In contrast, once the proceeding is initiated and a docket sheet has been created – following the filing of an "initiating document" – whenever subsequent documents are electronically filed via the Court's CM/ECF system, the Court automatically generates a "notice of docket activity . . . following the filing transmission." Second Circuit Local Rule 25.1(d)(1).

7

the Court, and because, under Court rules, the petition for review was filed "as of the date and time indicated on the email submission," Second Circuit Local Rule 25.1(d)(2), the copy of the petition, accompanied by the forwarded email containing the date and time, was effectively "stamped by the court with the date of filing," for purposes of section 2112(a)(2). Accordingly, under the technological conditions and filing practices of the present day, the forwarded email accompanying the copy of the petition for review served as a "stamp[] by the court with the date of filing." 28 U.S.C. § 2112(a)(2).

We recognize that a more literal interpretation of the statutory language might suggest that a document must be physically or at least electronically stamped directly by the court and then served upon the agency to satisfy the definition. However, "[w]here the result of a literal interpretation of statutory language is absurd, or where the obvious purpose of the statute is thwarted by such slavish adherence to its terms, we may look beyond the plain language." Grand Light & Supply Co. v. Honeywell, Inc., 771 F.2d 672, 677 (2d Cir. 1985) (citations omitted); see also id. ("Where such a literal interpretation of the statute's language would lead to absurd results, we may adopt an alternate construction."); Local Union No. 38 v. Pelella, 350 F.3d 73, 82-83 (2d Cir. 2003), quoting United States v. Perdue Farms, 680 F.2d 277, 280 (2d Cir. 1982) ("The words chosen by Congress 'are not in all instances a reliable indicator of Congress' intent, and we may look to the legislative history of the enactment to determine whether literal application of the statute would pervert its manifest purpose.'" (brackets omitted));

8

*Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293, 297 (2d Cir. 1998); *Viacom Int'l Inc. v. F.C.C.*, 672 F.2d 1034, 1039 (2d Cir. 1982) ("[T]he surest way to misinterpret a statute . . . is to follow its literal language without reference to its purpose.").

Prior to the statute's amendment to its current form in 1988, section 2112 dictated that "[i]f proceedings have been instituted in two or more courts of appeals with respect to the same order the agency . . . shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted." 28 U.S.C. 2112(a) (1958). The legislative history of the statute makes evident that the purpose of amending the statute to provide for random selection where two petitions for review are filed in separate courts of appeals within ten days of the order was to simplify the process by which proper venue was found and to avoid a "race to the courthouse."

In a speech from the floor regarding the amendment, Representative Sam B. Hall Jr. stated that "the purpose of [the 1988 amendment is to] simplify the selection of the proper court to handle the judicial appeal of an agency order in those cases where petitions for review are filed in more than one court of appeals." 131 Cong. Rec. H 3129-02. Representative Hall recounted that until 1958, each agency had the option of selecting which circuit would have venue over the proceedings, but since this gave an unfair advantage to the agency, the statute was amended in 1958 to provide that the circuit where the petition for review was first filed would have venue. Id. "However, the 1958 amendment had an unintended effect. Many lawyers believed that a certain circuit

9

would be more sympathetic to their client's arguments than other circuits. Thus, races to the courthouse began to occur, with each lawyer trying to file first in the circuit he or she felt would be sympathetic." Id. These races to the courthouse apparently grew to be quite sophisticated and petitions would be filed within minutes and even seconds of each other. Id. Naturally, parties litigated over which petition was first filed, unnecessarily consuming judicial resources. Id. Moreover, the very notion that parties were filing petitions in different federal courts because they believed these courts would apply the law differently was thought to "detract form the public's perception of the Federal courts as impartial, consistent arbiters of justice." Id. The 1988 amendments to the section remedied the situation by removing the incentive to race to the courthouse, by requiring that, where petitions for review were filed in two courts of appeals within ten days of the order, the case would be assigned randomly to one of those courts of appeals. Id.

While the broad purpose behind the amendment of the statute is clear, no legislative history has been brought to our attention specifically discussing the "stamped by the court with the date of filing" language which was also added in the 1988 amendments. The obvious purpose behind this particular language appears to be to ensure a mechanism to verify that the petition for review was indeed filed within the ten-day period. We see no reason to read the language to require a physical or even electronic stamp be placed on the document directly by the Court, where, pursuant to the Court's own procedures, it does not place any such stamp on the document. In fact, reading the language as literally as the NLRB

would have us do would lead to the absurd result that no qualifying "petition" would ever exist when a party sought to file a petition for review in a court of appeals, such as ours, that has adopted an electronic filing system.

Under such a reading, any time one party filed its petition for review within ten days in a court of appeals that did physically stamp such petitions, its choice of venue would trump any other party that filed its petition, even within ten days, in the Second Circuit or a different court with similar procedures. Congress could not have intended the choice of venue of these proceedings to be determined by the technological procedures by which petitions for review are filed in each particular Circuit. Indeed, reading the language so literally could lead to a new race to the courthouse if two parties sought to file petitions for review in separate courts of appeals that did not stamp petitions for review upon filing. In such a case, the parties would have to rush to file the petition first to guarantee their choice of forum, because if the board does not receive two petitions for review satisfying the definition in section 2112(a)(2) within ten days – which it could not, under this reading, if the petitions were not actually stamped directly by the court – then the record is to be filed "in the court in which proceedings with respect to the order were first instituted." 28 U.S.C. § 2112(a)(1). That is precisely the result Congress intended to avoid.

The broad purpose behind the amendment to the statute was to avoid a race to the courthouse and simplify the procedure by which proper venue is chosen. The specific purpose behind the language at issue was clearly to provide a mechanism to verify that the

party filed the petition for review within ten days. These purposes are satisfied in courts such as our own by permitting a petition accompanied by the email in which it was filed – which serves to verify the date on which the petition was filed – to constitute a date-stamped petition for review. In contrast, at least when dealing with petitions for review filed in courts such as our own, reading the statutory language to literally require a physical or electronic stamp be placed on the petition directly by the court would lead to results incompatible with the legislative purposes. We therefore decline to read the statute so literally. Local Union 36's service on the NLRB of the petition for review, accompanied by the date-stamped email in which it was filed, within ten days thus satisfied the requirements of section 2112(a)(2).

Rochester Gas's service of its petition for review on the NLRB, however, failed to satisfy these requirements. Where a court does physically stamp petitions for review upon filing, the petition received by the NLRB must be "stamped by the court with the date of filing," to satisfy the requirements of 28 U.S.C. § 2112(a)(2). Unlike this Circuit, the D.C. Circuit requires that "[c]ase-initiating documents, including . . . petitions for review . . . from agency action . . . must be filed in paper form." D.C. Cir. Administrative Order Regarding Electronic Case Filing, ECF-1, May 15, 2009. Moreover, the D.C. Circuit does physically stamp petitions for review, and, in fact, physically stamped Rochester Gas's petition for review with the date of filing. Rochester Gas, however, failed to serve the NLRB with a copy of the date-stamped petition for review, and therefore its petition for review did not satisfy the requirements of section 2112(a)(2). Because the only petition for review that

12

satisfied the definition of section 2112(a)(2) received by the NLRB within ten days of the agency's order was filed in this Court, the NLRB must file the record in this Court.  See 28 U.S.C. § 2112(a)(1).  We therefore deny the NLRB's motion to transfer venue.

Finally, we grant Rochester Gas's motion to intervene.

<strong>CONCLUSION</strong>

For the foregoing reasons, the NLRB's motion is DENIED, and Rochester Gas's motion is GRANTED.