SARAH S. VANCE, Chair
Before the Panel:* Petitioner Atlantic Coast Pipeline, LLC (Atlantic), moves for reconsideration of the Panel's August 29, 2018, consolidation order under 28 U.S.C. § 2112(a)(3). Atlantic argues that one of the petitions for review listed in the Federal Energy Regulatory Commission's (FERC's) notice of multicircuit petitions for review did not satisfy the statutory requirements for inclusion in the notice set forth in Section 2112. The notice included two petitions for review, one each pending in the Courts of Appeals for the Fourth Circuit and for the District of Columbia Circuit. FERC has responded to Atlantic's motion and, while not outright opposing the motion, asserts that its notice satisfied the statutory criteria.[1]
Section 2112 establishes rules to consolidate proceedings challenging an agency action in a single court. If within ten days of issuing an order, the agency "receives, from the persons instituting the proceedings," 28 U.S.C. § 2112(a)(1), a single petition for review that has been "stamped by the court with the date of filing," id. § 2112(a)(2), then the agency must file the record in that court of appeals notwithstanding any other proceedings that have been instituted for review of that order, id. § 2112(a)(1). If the agency receives, within the ten-day period, two or more date-stamped petitions for review filed in different courts of appeals, then the Panel "shall, by means of random selection," designate the court in which the agency shall file the record. Id. § 2112(a)(1) & (3). All other courts of appeals must then transfer any related petitions for review to the court in which the agency files the record. Id. § 2112(a)(5).
Here, FERC issued an Order on Rehearing relating to its issuance of certificates for the construction of a pipeline from West Virginia to the eastern portions of Virginia and North Carolina. See Atlantic Coast Pipeline, LLC , 164 FERC ¶ 61,110 (Aug. 10, 2018). Within ten days of this *1380 order, FERC received two petitions for review. FERC thereafter filed with the Panel a notice of multicircuit petitions for review attaching these petitions. One, filed in the D.C. Circuit by Atlantic on August 20, 2018, was date-stamped by that court. There is no dispute that this petition meets the statutory criteria set forth in Section 2112(a).
The other petition for review was filed by several challengers to the agency action (Appalachian Voices) in the Fourth Circuit on August 16, 2018. There is no dispute that, although FERC received this petition from Appalachian Voices within the ten-day window, the petition was not date-stamped by the Fourth Circuit.[2] FERC attached to its notice to the Panel both the petition it had received from Appalachian Voices as well as a second copy of the same petition with the Fourth Circuit's electronic filing date stamp that had not been received from Appalachian Voices.[3] Seemingly presented with two petitions for review that satisfied the statutory criteria, the Panel Clerk conducted a random selection and issued a consolidation order, designating the Fourth Circuit as the forum in which the petitions would be consolidated. Atlantic's motion for reconsideration followed.
We previously have stated that petitions for review "must meet strict statutory requirements" in order to be included on a notice seeking to trigger the random selection procedures under Section 2112(a)(3). In re FERC, Order Denying Rehearing, The Yakama Nation v. Pub. Util. Dist. No. 2 of Grant County, Wash., 103 FERC 61,073, Issued on Apr. 16, 2003 (In re FERC ), In re Blue Spike, LLC, Patent Litigation , 278 F.Supp.3d 1379, 1380 (J.P.M.L. 2003) (striking notice of multicircuit petitions for review where one of two petitions did not exhibit the requisite date stamp). In response to Atlantic's motion, FERC admits that the petition for review it received from Appalachian Voices was not date stamped by the Fourth Circuit, as required by 28 U.S.C. § 2112(a)(2). That petition for review thus does not meet the statutory criteria for inclusion in FERC's notice. Accordingly, we will strike FERC's notice and vacate the consolidation order.[4]
IT IS THEREFORE ORDERED that motion for reconsideration is granted;
IT IS FURTHER ORDERED that the notice of multicircuit petitions for review is stricken; and
IT IS FURTHER ORDERED that the consolidation order in this docket is vacated.

Judge Charles R. Breyer took no part in the decision of this matter.

Atlantic, together with the petitioners in the Fourth Circuit (collectively, Appalachian Voices), submitted a joint stipulation to the Panel in which they state that all petitioners agree to consolidate these petitions in the D.C. Circuit. Petitioners jointly request that we: strike FERC's notice of multicircuit petitions for review; withdraw the Panel's consolidation order; and deny as moot Atlantic's motion to reconsider. Although the petitioners state that FERC "does not oppose" the requested relief, FERC did not sign the stipulation or take any action to withdraw its notice of multicircuit petitions. Petitioners cannot stipulate away FERC's notice. Nor can we simply vacate the consolidation order without striking FERC's notice, as 28 U.S.C. § 2112(a)(3) instructs that the Panel "shall" issue a consolidation order when an agency files a notice of multicircuit petitions for review that satisfies the statutory requirements. Accordingly, the petitioners' joint stipulation does not moot Atlantic's motion.

The date stamp need not be an ink stamp of a physical document. It can also, for example, be a date stamp added to the document by the court's electronic filing system. One court has held that an automatically generated email from the circuit court with the date of filing, attached to the petition submitted to the agency, can satisfy Section 2112(a). See Local Union 36 v. NLRB , 631 F.3d 23, 26 (2d Cir. 2010). FERC does not contend that the Fourth Circuit petition it received from petitioners within the statutory ten-day period contained any form of date stamp.

Presumably, FERC itself printed this second copy of the Appalachian Voices petition from the Fourth Circuit's electronic docket and attached it to FERC's notice to the Panel. Appalachian Voices ultimately did serve on FERC a date-stamped copy of its petition for review, but only after the ten-day statutory period had expired.

We decline Atlantic's additional request to direct FERC to file the record in this proceeding in the D.C. Circuit. Section 2112(a) clearly sets forth the procedure for filing the record where an agency has received only one petition for review within the ten-day period. The statute does not, however, grant the Panel the authority to direct the agency where to file the record in such circumstances.