13-2853-cv
Zavalidroga v. Cuomo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT: RALPH K. WINTER,
                BARRINGTON D. PARKER,
                RAYMOND J. LOHIER, JR.,
                   *Circuit Judges.*

-----------------------------------------------------------------

TOMAS ZAVALIDROGA,

                    *Plaintiff-Appellant*,

                       v.                            No. 13-2853-cv

ANDREW M. CUOMO, individually and officially as Governor of the State of New York, ERIC T. SCHNEIDERMAN, individually and officially as Attorney General of the State of New York,

                    *Defendants-Appellees*.[*]

-----------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT:        Tomas Zavalidroga, *pro se*, Old Forge, NY.

FOR APPELLEES:        Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Andrew B. Ayers, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Tomas Zavalidroga, pro se, appeals from an order entered by the District Court on June 26, 2013, denying his motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Zavalidroga's motion to reopen was made pursuant to 28 U.S.C. § 2107(c), but we agree that the District Court could construe the motion as one made under Rule 4(a)(6), which is functionally equivalent. See Bowles v. Russell, 551 U.S. 205, 208 (2007). Under Rule 4(a)(6), a district court may grant a party's motion to reopen the time to file an appeal only if (1) the moving party did not receive notice from the court of the judgment or order sought to be appealed within 21 days of its entry; (2) the motion is filed within 180 days of the judgment or order's entry or within 14 days of receiving notice from the court, whichever is earlier; and (3) no party would be prejudiced by the reopening of the time to file the appeal. Fed. R. App. P. 4(a)(6). However, "the rule does not require the district court to grant the relief, even if the requirements are met." In re WorldCom, Inc., 708 F.3d 327, 335 (2d Cir. 2013) (quotation marks omitted).

2

Where the moving party is to blame for his failure to receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny the motion. Id. at 336-38. We review a district court's denial of a Rule 4(a)(6) motion for abuse of discretion. See id. at 340.

Even when afforded "special solicitude" as a pro se litigant, see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), Zavalidroga presents no convincing justification for his failure to properly notify the District Court of his myriad address changes, and we therefore conclude that the District Court acted within its discretion when it denied his motion to reopen. See WorldCom, 708 F.3d at 337.

We decline to consider Zavalidroga's claim, raised for the first time on appeal, that his due process rights were violated by the assignment of his case to allegedly partial judges by allegedly partial court staff. See Greene v. United States, 13 F.3d 577, 586 (2d Cir. 1994).

We have considered Zavalidroga's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court