18-1615
*Cantore v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

Present:
>           GUIDO CALABRESI,
>           DEBRA ANN LIVINGSTON,
>           RAYMOND J. LOHIER, JR.,
>                   *Circuit Judges.*

THOMAS CANTORE,

>                        *Plaintiff-Appellant*,

>           v.                                                          18-1615

CITY OF NEW YORK; RAYMOND KELLY, NYC Police Department and as Chairman of the Police Pension Fund; ARTICLE II POLICE PENSION FUND; JOHN AND JANE DOES 1–12, Members of the Police Pension Fund Board of Trustees; and NEW YORK CITY POLICE DEPARTMENT;

>                        *Defendants-Appellees*.

For Plaintiffs-Appellants:          THOMAS CANTORE, *pro se*, Staten Island, NY.

For Defendants-Appellees:          MACKENZIE FILLOW (Jane L. Gordon, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

1

Appeal from a May 9, 2018 order of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Thomas Cantore ("Cantore") sued the City of New York, the New York City Police Department and its Commissioner, and the Police Pension Fund and its Board of Trustees (collectively, "Defendants-Appellees") in the United States District Court for the Southern District of New York. Cantore's complaint sought relief pursuant to 42 U.S.C. § 1983 based on Defendants-Appellees' allegedly wrongful denial of disability benefits to which Cantore claimed he was entitled. On April 20, 2016, Cantore's case was designated for electronic filing through the Electronic Case Filing ("ECF") system. Cantore's attorney, Vincent Spata, provided an email address for receipt of any ECF notices of docket activity. On September 15, 2017, the district court (Gardephe, *J.*) dismissed Cantore's suit on *res judicata* grounds. Judgment was entered on September 18, and notice of the judgment was automatically emailed to Spata at the address he had provided in the ECF system.

Cantore failed to appeal the district court's judgment within thirty days of its issuance. *See* 28 U.S.C. § 2107 (providing that "no appeal shall bring any judgment, order or decree . . . before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree"). On February 16, 2018, however, Cantore filed a *pro se* motion pursuant to Federal Rule of Appellate Procedure 4(a)(6) ("Rule 4(a)(6)") to reopen the time to appeal the district court's judgment. Cantore's motion included a "certification" by attorney Spata, who claimed that he had "never received any notice by mail or email" of the district court's judgment despite having "made arrangements" for mail to be forwarded to his new business

2

address. Dist. Ct. Dkt. No. 30 at 3. Spata explained that he had first informed Cantore of the district court's dismissal order on February 11, after discovering it himself by checking the status of the case on the Pacer website.

On May 9, 2018, the district court denied Cantore's Rule 4(a)(6) motion, reasoning that Spata's ECF registration required him to keep his email address current and that any failure to do so did not provide grounds to reopen Cantore's time to appeal the prior judgment. Cantore timely appealed the district court's denial of his Rule 4(a)(6) motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**Discussion**

We review a district court's ruling on a Rule 4(a)(6) motion to reopen the time to appeal for abuse of discretion. *In re WorldCom, Inc.*, 708 F.3d 327, 340 (2d Cir. 2013). A court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). Under Rule 4(a)(6), "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" so long as, *inter alia*, "the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6).

The district court did not abuse its discretion in denying Cantore's Rule 4(a)(6) motion. The district court found that "the Notice of Electronic Filing for the judgment in this case indicates that an email was sent on September 18, 2017 to the email address Spata had provided to the Court." App. at 296. The district court reasoned that "[i]f Spata received notice when judgment was entered, Plaintiff's motion must be denied" because Rule 4(a)(6) expressly requires that the

3

moving party *not* have received notice of the judgment sought to be appealed. App. at 297; *see also* Fed. R. App. P. 4(a)(6). The district court further reasoned that "[i]f Spata did not receive notice because he submitted an incorrect email address or did not properly update his email address, Plaintiff's motion must nonetheless be denied" because that would constitute "inexcusable attorney error." App. at 297 (internal quotation marks and citation omitted).

We encountered similar factual circumstances to those before us today in *WorldCom*. In that case, the litigant's failure to file a timely notice of appeal likewise resulted from his attorney's failure to update his email address on the ECF system, but the district court nevertheless *granted* the Rule 4(a)(6) motion. 708 F.3d at 330–31. We noted that "[s]ection 2.1 of the S.D.N.Y. ECF Rules requires attorneys appearing in cases assigned to the ECF system . . . to provide, among other information, their email addresses." *Id.* at 338 (citation omitted). We further noted that the online registration form for the ECF system requires attorneys to complete an attestation stating, *inter alia*: "I will promptly notify the court if there is a change in my personal data, such as name, e-mail address, firm address, telephone number, etc., and I will update the appropriate data within the ECF system." *Id.* at 339 (internal quotation marks and citation omitted). In light of that background, *WorldCom* held that it *was* an abuse of discretion for the district court to *grant* a Rule 4(a)(6) motion to reopen the time to appeal because the litigant's failure to receive notice was "entirely and indefensibly a problem of its counsel's making." *Id.* at 340.

Here, as in *WorldCom*, the district court found that to the extent the movant satisfied the requirements of Rule 4(a)(6), his failure to timely appeal the district court's judgment resulted from his counsel's failure to update his email address on the ECF system. In other words, if Cantore did not receive timely notice of the judgment sought to be appealed, his failure to receive notice was "entirely and indefensibly a problem of [his] counsel's making." *Id.* Given the

4

holding in *WorldCom*, we cannot say that the district court abused its discretion in *denying* Cantore's Rule 4(a)(6) motion under the highly similar factual circumstances of this case.

*     *     *

We have considered all of Cantore's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk