14-562-cv
*Kendell Stephens v. Maxx Properties, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand fifteen.

PRESENT:   RALPH K. WINTER,
           JOSÉ A. CABRANES,
           REENA RAGGI,
                     *Circuit Judges.*

----

KENDELL STEPHENS,

     *Plaintiff-Appellant*,

        v.

MAXX PROPERTIES, ET AL.,                      No. 14-562-cv

     *Defendants-Appellees,*

LOCAL UNION 2 OF NEW YORK STATE INDEPENDENT
UNION OF BUILDING SERVICE EMPLOYEES & FACTORY
WORKERS, ET AL.,

     *Defendants.*

----

**FOR PLAINTIFF-APPELLANT:**          Kendell Stephens, *pro se*, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**          Diane Krebs, Gordon & Rees, LLP, New York, NY.

Appeal from a February 3, 2014 order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Kendell Stephens, proceeding *pro se*, appeals the district court's February 3, 2014 order vacating its prior December 2012 order, thereby denying Stephens's motion for an extension of time to file a notice of appeal from the court's judgment dismissing his civil action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's ruling on a motion to reopen the time to file a notice of appeal under Rule 4(a)(6) for abuse of discretion. *See In re WorldCom, Inc.*, 708 F.3d 327, 340 (2d Cir. 2013). The district court abuses its discretion if it bases its ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations omitted). We review the district court's findings of fact for clear error, affording deference to the district court's credibility determinations following an evidentiary hearing. *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 422 F.3d 72, 76 (2d Cir. 2005); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

Upon an independent review of the entire record of the proceedings on remand and the relevant case law, we find no clear error in the district court's factual finding that Stephens received notice of the judgment—either personally or through counsel—no later than October 5, 2012. Accepting the district court's findings, as we must in the absence of clear error, we conclude that the district court did not abuse its discretion in vacating its December 2012 order and denying Stephens an extension of time to appeal.

We have considered all of Stephens's arguments and find them to be without merit. Accordingly, we **AFFIRM** the February 3, 2014 order of the district court substantially for the reasons stated by the district court in that order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2