07-3444-cv
CP Solutions PTE, LTD. v. Gen. Elec. Co.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

--------

August Term, 2008

(Argued: December 1, 2008          Decided: January 6, 2009)

Docket No. 07-3444-cv

----------------------------------------------------------------X

CP SOLUTIONS PTE, LTD.,

                    Plaintiff-Appellant,

          - v. -

GENERAL ELECTRIC CO., GE INDUSTRIAL SYSTEMS,
GE MULTILIN POWER MGMT LENTRONICS, GE FANUC
AUTOMATION NA and GE METER,

                    Defendants-Appellees.

----------------------------------------------------------------X

Before:   McLAUGHLIN, B.D. PARKER, Circuit Judges, and KOELTL,
          District Judge.[*]

     Plaintiff appeals the dismissal of its complaint for lack of

subject matter jurisdiction by the United States District Court

for the District of Connecticut (Arterton, J.).

     REVERSED AND REMANDED.

---

[*] The Honorable John G. Koeltl of the United States District
Court for the Southern District of New York, sitting by
designation.

ROBERT K. KRY, Baker Botts LLP, Washington, D.C. (Michael S. Goldberg, Jeffrey A. Lamken, Alexandra M. Walsh, Baker Botts LLP, Washington, D.C.; Elizabeth Acee, Tyler Cooper, New Haven, Connecticut, on the brief), for Plaintiff-Appellant.

THOMAS J. DONLON, Robinson & Cole, LLP, Stamford, Connecticut, for Defendants-Appellees.

PER CURIAM:

Plaintiff CP Solutions PTE, LTD. ("CP Solutions") appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, J.) dismissing its complaint for lack of diversity jurisdiction. The defendants moved to dismiss because both CP Solutions and defendant GE Multilin Power Management Lentronics ("GE Multilin") were foreign citizens. The district court held that GE Multilin was indispensable and therefore could not be dropped as a party, leaving the court without subject matter jurisdiction. Because we conclude that GE Multilin was not an indispensable party, we REVERSE the district court's judgment and REMAND.

## BACKGROUND

CP Solutions alleged the following in its complaint. In December 2002, CP Solutions, a Singapore corporation, contracted with a Malaysian entity called Tru-Tech Electronics ("Tru-Tech"). CP Solutions agreed to procure parts that Tru-Tech needed in order to assemble electrical products under agreements with

2

various General Electric ("GE") companies, including GE Multilin. As part of the GE companies' arrangement with Tru-Tech, they furnished Tru-Tech with circuits to be integrated into the electrical products. Tru-Tech, which was required to pay for the circuits, ran up a large debt to the GE companies. Pursuant to a set-off clause in their contracts, the GE companies were permitted to deduct any amount that Tru-Tech owed them from the amount payable to Tru-Tech for the electrical products.

Because of the debt, CP Solutions refused to procure parts for Tru-Tech without assurance from the GE companies that they would not claim a set-off against payments owed to CP Solutions. In January 2003, the GE companies orally agreed either to pay CP Solutions directly or to guarantee payment, and not to claim a set-off against monies due CP Solutions. The GE companies later made similar statements in writing. In July 2003, however, the GE companies denied that they had a contract with CP Solutions and claimed a set-off for the amount Tru-Tech owed them against payments due CP Solutions.

In April 2004, CP Solutions sued GE Co., GE Industrial Systems, GE Fanuc Automation North America, GE Meter, and GE Multilin in the Central District of California, seeking damages for breach of contract, fraud, and other causes of action. The complaint alleged that GE Multilin was a "business entity, form unknown, with its principal place of business in

3

. . . Ontario, Canada." CP Solutions did not differentiate among the defendants, but instead alleged that the GE employees whose actions were central to the claims bound all of the defendants and that the defendants were agents of one another. Jurisdiction was based on diversity of citizenship.

In December 2004, the district court in California transferred the case to the District of Connecticut. The parties proceeded to discovery. In November 2006, more than two years after the case was filed, the defendants moved to dismiss the suit for lack of subject matter jurisdiction. They argued that diversity of citizenship did not exist because both CP Solutions and GE Multilin were foreign citizens. The defendants also maintained that GE Multilin was an indispensable party and therefore could not be dropped to preserve jurisdiction.

CP Solutions opposed the motion to dismiss on the grounds that: (1) GE Multilin Power Management Lentronics, the party named in the complaint, never existed; (2) a Canadian subsidiary of GE Co. named GE Multilin, Inc. existed until it was dissolved in February 2004, with its assets and liabilities passing to another GE company; and (3) a nonexistent or dissolved entity is not an indispensable party pursuant to Federal Rule of Civil Procedure 19. CP Solutions also proposed to amend the complaint to omit GE Multilin and to allege that only GE Co. breached the contract.

In January 2007, the district court granted the defendants' motion to dismiss. The court recognized that a nondiverse party can be dropped from a suit to preserve diversity jurisdiction, but held that GE Multilin (which it construed to be GE Multilin, Inc.) could not be omitted because it was indispensable to CP Solutions's breach-of-contract claim. The court reasoned that "[a] party to a contract which is the subject of the lawsuit 'is the paradigm of an indispensable party.'" CP Solutions PTE, LTD. v. Gen. Elec. Co., 470 F. Supp. 2d 151, 157 (D. Conn. 2007) (quoting Travelers Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518, 527 (D. Conn. 1991)). The court also refused to allow CP Solutions to file its amended pleading.

CP Solutions moved for reconsideration. In July 2007, the district court adhered to its ruling. The court applied four factors relevant to determining whether a party is indispensable and found that: (1) a judgment rendered without GE Multilin as a party might deprive CP Solutions of the opportunity to recover all of its damages, (2) the court could not conceive of a way to minimize this prejudice, (3) omitting GE Multilin would likely lead to piecemeal litigation, and (4) CP Solutions could sue all of the defendants in state court.

CP Solutions now appeals.

**DISCUSSION**

We review a district court's decision as to whether a party is indispensable for abuse of discretion. <u>Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.</u>, 312 F.3d 82, 87 (2d Cir. 2002). A court abuses its discretion if its decision rests on an error of law or a clearly erroneous factual finding, or cannot be located within the range of permissible choices. <u>Zervos v. Verizon N.Y., Inc.</u>, 252 F.3d 163, 169 (2d Cir. 2001).

District courts possess original jurisdiction over actions between "citizens of a State and citizens or subjects of a foreign state," and between "citizens of different States and in which citizens of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2), (3). Diversity jurisdiction does not exist, however, "where on one side there are citizens [of a State] and aliens and on the opposite side there are only aliens." <u>Universal Licensing Corp. v. Paola del Lungo S.p.A.</u>, 293 F.3d 579, 581 (2d Cir. 2002). The parties agree that CP Solutions and GE Multilin are both foreign citizens and that therefore diversity is lacking unless CP Solutions can amend the complaint to omit GE Multilin.[1]

Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction,

---

[1] CP Solutions does not challenge the district court's conclusion that, by naming GE Multilin as a defendant, it intended to sue GE Multilin, Inc., the Canadian corporation dissolved in 2004. We therefore accept that conclusion for purposes of this appeal.

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989), provided the nondiverse party is not "indispensable" under Rule 19(b),[2] *see Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 89 (2d Cir. 1990). Rule 19(b) specifies four factors: (1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit. Fed. R. Civ. P. 19(b).

In its initial decision, the district court did not apply these factors but instead adopted a bright-line rule that all parties to a contract are indispensable. Such a rule is inconsistent with Rule 19(b)'s flexible standard. *See Universal Reins.*, 312 F.3d at 87 (noting "the flexible nature of [the] Rule 19(b) analysis"); *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 242 (2d Cir. 1987) ("[A] court should take a flexible approach when deciding what parties need to be present for a just resolution of the suit."). Indeed, we have previously

_____

[2] Effective December 1, 2007, Rule 19(b) no longer uses the term "indispensable." *See* Fed. R. Civ. P. 19 Advisory Committee's note to 2007 amendment ("['Indispensable'] has been discarded as redundant."). We use the term here for the sake of convenience. In all other respects, we cite the present version of Rule 19. There is no substantive difference between the present rule and the rule as applied by the district court prior to the 2007 amendment. *See Republic of Philippines v. Pimentel*, 128 S. Ct. 2180, 2184 (2008).

rejected a party's attempt to rely on the same argument that the defendants assert here.  See Merrill Lynch & Co. v. Allegheny Energy, Inc., 500 F.3d 171, 180 (2d Cir. 2007).  This case amply demonstrates the frailties of so rigid a rule.

Although the district court in its decision on reconsideration identified the correct Rule 19(b) factors, it abused its discretion in applying the factors.  As to the first two factors, the district court improperly relied on prejudice to CP Solutions.  Whatever prejudice to CP Solutions there might be, it is prejudice the plaintiff is willing to bear and therefore should not have troubled the district court.  And any prejudice caused by GE Multilin's absence is considerably less than the prejudice to CP Solutions from dismissal after more than two years of litigation.

The relevant question is whether the defendants will be prejudiced if GE Multilin is dropped.  See, e.g., Universal Reins., 312 F.3d at 88 (evaluating prejudice to parties arguing that joinder was required).  The other GE defendants maintain that they will be prejudiced because a judgment for CP Solutions might hold them accountable for GE Multilin's wrongdoing.  They also argue that a judgment for CP Solutions without GE Multilin might impair GE Multilin's ability to defend itself in a later action.  We find no merit in these contentions.

Given the absence from the complaint of any action attributable only to GE Multilin, the chance that GE Multilin's actions were the sole or primary cause of CP Solutions's damages appears remote. In addition, CP Solutions offered to amend the complaint to allege that only GE Co. breached the contract. This amendment would ensure that only GE Co. would be subject to liability, and only by virtue of its own duties and actions. See Fed. R. Civ. P. 19(b)(2) (requiring courts to consider possible methods to avoid prejudice). Even if this were not the case, the other GE defendants could seek to bring a claim against GE Multilin or its successor company. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993) (rejecting argument that defendant would unfairly bear all of the plaintiff's losses on breach-of-contract claim due to non-joinder because defendant could bring indemnity or contribution action against absent person).

The potential prejudice to GE Multilin also fails to support the district court's conclusion. GE Multilin is dissolved and has no assets. We doubt that CP Solutions would be eager for the chance to procure blood from a stone. The district court's finding to the contrary is unsupported by anything in the record. Nor is there any indication that CP Solutions would want to pursue the GE subsidiary that acquired GE Multilin's assets and liabilities, especially in light of the proposed amended

9

complaint attributing wrongdoing only to GE Co. Such farfetched hypotheticals are insufficient to establish the prejudice that Rule 19(b) contemplates. See Fed. R. Civ. P. 19(b) Advisory Committee's note to 1966 amendment (noting that courts should consider whether the prejudice would be "immediate and serious, or remote and minor").

Moreover, even if GE Multilin's conduct remained relevant after it was dropped as a party, GE Co. could champion its interest. See Pujol v. Shearson/Am. Exp., Inc., 877 F.2d 132, 135 (1st Cir. 1989) (Breyer, J.) (finding no prejudice to dropped subsidiary in part because parent company would adequately represent its interests). GE Co. and GE Multilin are represented by the same counsel, and the defendants have not alerted us to any evidence that suggests GE Co.'s and GE Multilin's interests are adverse. See, e.g., Prescription Plan Serv. Corp. v. Franco, 552 F.2d 493, 497 (2d Cir. 1977) (finding no prejudice to dropped parties because "counsel for those remaining in the case will be no less vigorous in their advocacy because they represent two fewer persons").

As to the third Rule 19(b) factor, a judgment in GE Multilin's absence would be adequate. "[A]dequacy refers to the 'public stake in settling disputes by wholes, whenever possible.'" Republic of Philippines, 128 S. Ct. at 2193 (quoting Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102,

10

111 (1968)). Thus, this factor concerns the "'social interest in the efficient administration of justice and the avoidance of multiple litigation.'" Id. (quoting Ill. Brick Co. v. Illinois, 431 U.S. 720, 738 (1977)). As we have explained, piecemeal litigation is improbable. In contrast, it would be far more efficient to bring the case to final judgment in federal court than to send the parties to state court for a do-over.

In evaluating this factor, "[w]e are influenced by the procedural posture in which this case comes to us." Merrill Lynch, 500 F.3d at 180. Although the case has not yet been tried, the parties have litigated for over two years, including conducting discovery. It would make little sense to require them to start over in state court simply because an asset-less, dissolved subsidiary of a diverse defendant cannot be joined in federal court. See Newman-Green, 490 U.S. at 836 (holding that when a defect in diversity jurisdiction can be corrected, "requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention").

Finally, although CP Solutions might be able to sue GE Multilin together with the other defendants in state court, that consideration is far outweighed by the unfairness to CP Solutions and the harm to judicial economy resulting from dismissal. As we have said, "when federal diversity jurisdiction will exist if

11

nondiverse parties are dropped, the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action." Samaha v. Presbyterian Hosp. in City of N.Y., 757 F.2d 529, 531 (2d Cir. 1985) (per curiam).

Because the question of indispensability is a matter committed to the district court's discretion, Universal Reins., 312 F.3d at 87, ordinarily we might vacate the judgment and remand for reconsideration. In this case, however, we do not believe it would be within the permissible range of choices to conclude that GE Multilin is indispensable. See Zervos, 252 F.3d at 169. We therefore reverse the district court's decision and remand with instructions to allow the case to proceed without GE Multilin.

**CONCLUSION**

For the foregoing reasons, we REVERSE the judgment of dismissal and REMAND the case to the district court with instructions to allow CP Solutions to amend the complaint to drop GE Multilin as a party.