GERARD E. LYNCH, Circuit Judge,
dissenting:
Federal Rule of Appellate Procedure 4(a)(6) (“Rule 4(a)(6)”) was designed to grant district courts the discretion to allow parties to file untimely notices of appeal under certain circumstances, notwithstanding neglect of their obligation to monitor court dockets to be aware of developments in their cases. In this case, as the majority rightly holds, appellant satisfied the explicit requirements of the Rule, such that the district court had discretion to grant the requested relief. Because the district court did not act arbitrarily or without reason in granting appellant’s motion, I would affirm its decision.
The text of Rule 4(a)(6) states that a district court “may” reopen the time to file an appeal “only if’ three conditions are satisfied. The district court, having found those conditions satisfied, exercised its discretion to show the appellant mercy. The majority opinion recognizes that the district court’s analysis of Rule 4(a)(6)’s conditions was correct. In so doing, the majority follows the Seventh Circuit in holding that Rule 4(a)(6)(A)’s requirement that the moving party not “receive notice” means actual receipt rather than service. I agree that this is the more natural reading of the Rule, and I therefore fully concur in the majority’s analysis of Rule 4(a)(6)’s explicit requirements.
Satisfaction of the conditions of Rule 4(a)(6) does not require that relief be granted. Because the Rule provides that, when the conditions are met, the district court “may” — not “must” — reopen the time to file an appeal, the district court has discretion whether to grant the motion or not. Where there is discretion, there is the possibility of an abuse of that discretion. I therefore also agree with the majority that satisfaction of the Rule’s explicit requirements, standing alone, does not render a district court’s decision immune from appellate review. There may well be eases in which the Rule’s requirements are met but the district court’s decision is arbitrary or irrational, or in which the reasons either to grant or deny relief so lopsidedly favor one side as to render the opposite decision an abuse of discretion. See Avolio v. County of Suffolk, 29 F.3d 50, 54 (2d Cir.1994) (holding that when the three requirements of Rule 4(a)(6) are met, a district court abuses its discretion by denying relief if that denial contradicts the purposes of the Rule) Nevertheless, I disagree that this case is one where granting relief is not “within the range of permissible choices.” CP Solutions, PTE, Ltd. v. Gen. Elec. Co., 553 F.3d 156, 158 (2d Cir.2009).
The majority would require a district court to “give substantial weight to indications that the failure of receipt was the litigant’s fault,” because neglectful litigants would otherwise be able to sidestep the strict time-bar of Federal Rule of Appellate Procedure 4(a)(5). Maj. Op. at 338. Note, however, that the Court does not remand the case for the district court to reconsider its decision, giving explicit attention to this factor. ■ Instead, it categori *343 cally holds that the district court abused its discretion by awarding relief because appellant was at fault by failing to update its counsel’s e-mail address. But by finding that the district court abused its discretion for no reason other than that the appellant was to blame for its failure to receive notice of the adverse judgment, the majority effectively adds an additional condition to Rule 4(a)(6) that does not appear in the text of the Rule itself. According to the majority opinion, district courts may not grant relief, despite the contrary text of the Rule, when the conditions of the Rule are satisfied, unless the litigant was without fault.
The unwritten requirement the majority reads into Rule 4(a)(6) is at odds with the intended purpose of the Rule. The Rule was designed to allow judges to relieve litigants of a type of negligence: failure to monitor the docket. And in today’s world, that means it allows judges to excuse failure to monitor the electronic docket.
In this case, appellant’s counsel’s first mistake was failing to check that docket on a regular basis. His second mistake was failing to update his attorney profile in the district court’s electronic notification system on a regular basis. But this second mistake is simply a more specific example of the kind of negligence that, as the majority acknowledges, Rule 4(a)(6) is intended to excuse. See Maj. Op. at 336-37. A rule that gives district courts discretion to excuse failure to use the electronic monitoring system at all is surely broad enough to excuse failure to use that system correctly.
I am sure there are some cases in which granting leave to reopen the time to file an appeal would be an abuse of discretion. Notably, however, I am not aware of any cases, and the majority cites none, in which a court of appeals has found that a grant of this relief, where the Rule’s eondi-tions were satisfied, was such an abuse. This garden-variety case of attorney error hardly seems the place to start. Although the district court could have better stated its reasons for exercising its discretion in the way that it did, those reasons are not difficult to discern. There is no indication, for example, that the appellee was prejudiced in any way by the delayed filing of the notice of appeal, or that the appellant acted in a reckless or malicious way. This is not even a case in which a member of the district court’s bar, who regularly appears before the court, failed to comply with the requirement of keeping the court advised of his address; rather, counsel is an out-of-state lawyer, admitted pro hac vice, who carelessly (but perhaps understandably) either forgot that the e-mail address he provided in his only previous appearance in the district was now outdated, or believed that his motion for admission on this occasion, which provided his current e-mail address, was sufficient notice to the Clerk of Court of his new contact information. This was an error, but it does not seem to be one that should terminate his client’s appellate rights, or preclude him and his client from taking advantage of a rule the entire point of which is to allow a district court to excuse errors of this very type.
The rules ought to be enforced, and lawyers are responsible for learning the correct procedures for practicing before the federal courts. But the primary responsibility for deciding when to excuse non-compliance under the particular circumstances specified in this Rule properly lies with the district courts. The district court obviously decided that it was better to permit the losing party to obtain review of the judgment, rather than to give that party (whose argument on the merits appears to me unlikely to succeed in any event) the impression that substantive *344 rights in the federal courts are forfeit to procedural niceties or minor mistakes by lawyers — or, worse, to invite collateral malpractice litigation in a case that this Court could surely have resolved more easily and expeditiously on the merits than by a lengthy opinion addressing a procedural issue more difficult than the merits of the appeal itself.
In light of the merits of the case, I do not think that the majority works an injustice, and I fully respect my colleagues’ insistence that lawyers carefully comply with rules that are after all designed to make it simple and automatic for them to receive notice of developments in their case. Nevertheless, I would defer to the good judgment of an experienced district judge in exercising a discretion granted to him by the rules, in a case in which that discretion cannot fairly be said to have been abused. I therefore respectfully dissent.