**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1506
_____

NAUTILUS INSURANCE CO,
                                          Appellant

v.

200 CHRISTIAN STREET PARTNERS LLC; VIRGIL PROCACCINO;
ARTHUR ELWOOD; MILO LLC

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-1364)
District Judge: Honorable R. Barclay Surrick

_____

No. 19-1507
_____

NAUTILUS INSURANCE COMPANY,
                                          Appellant

v.

200 CHRISTIAN STREET PARTNERS LLC; VIRGIL PROCACCINO;
ARTHUR ELWOOD; ZACHARY KLEHR; DEBORAH GORDON
KLEHR, H/W; HARMAN DEUTSCH CORP; AB CONSTRUCTION
LLC; TIR EOGHAIN CONSTRUCTION INC d/b/a Duggan Excavation;
E&A DRYWALL CORPORATION; HIGH END DESIGN
INSTALLATIONS LLC; JELD WEN WINDOWS AND DOORS; MAXI-
TECH ROOFING INC; PHILLY BRICK AND STONE RESTORATION
LLC; TAGUE LUMBER OF MEDIA INC; STRAWBRIDGE CROWE
LLC, t/a J. Maloney & Son

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-1545)
District Judge: Honorable R. Barclay Surrick

_____

Argued on March 10, 2020

_____

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: July 16, 2020)


Anthony L. Miscioscia [ARGUED]
Edward M. Koch
Timothy A. Carroll
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103

     *Counsel for Appellant*

Peter R. Bryant [ARGUED]
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102

     *Counsel for Appellees Milo, LLC, Zachary Klehr,*
     *and Deborah Gordon Klehr, h/w*

Jonathan A. Cass [ARGUED]
Carl L. Engel
Cohen Seglias Pallas Greenhall & Furman, PC
30 South 17th Street, 19th Floor
Philadelphia, PA 19103

     *Counsel for Appellees 200 Christian Street Partners, LLC,*
     *Virgil Procaccino, and Arthur Elwood*

2

———————————

OPINION[*]

———————————

RESTREPO, *Circuit Judge*

Nautilus Insurance Company ("Nautilus") appeals the District Court's Orders denying Nautilus' motions for judgment on the pleadings. Nautilus is ultimately seeking declaratory judgments that it does not have a duty to defend and indemnify appellees 200 Christian Street Partners, LLC, Virgil Procaccino, and Arthur Elwood (collectively, "Insureds") in two underlying lawsuits. We agree with the District Court that Nautilus has a duty to defend the Insureds, and therefore, for the following reasons, we affirm.

**I.**

Underlying Nautilus' declaratory judgment actions are two lawsuits ("Klehr and Milo Actions" or collectively, "Underlying Actions") in which the respective homeowners claim the Insureds are liable for defects in the construction of their homes. Nautilus is currently providing the Insureds with a defense in the Underlying Actions, subject to a reservation of rights, since the Insureds are claiming coverage as policyholders under Nautilus' Commercial Lines Policies of insurance for the time period covering the construction of and alleged damages to the homes. These policies include commercial general liability (CGL) coverage.

———————————

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

In April 2018, Nautilus sought in the District Court two declaratory judgments clarifying that it is not obligated to defend and indemnify the Insureds in either of the Underlying Actions. Nautilus argued that the Complaints filed in the Klehr and Milo Actions alleged faulty workmanship, which was not covered under the Insureds' respective insurance policies. Nautilus subsequently filed motions for judgment on the pleadings in both cases. The District Court denied the motions, finding that Nautilus had a duty to defend the Insureds because the Complaints filed in the Underlying Actions sufficiently alleged product-related tort claims that may fall within the scope of coverage of the relevant insurance policies. Nautilus appealed both District Court Orders and the cases were consolidated for purposes of this appeal.

## II.[1]

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and despite the Insureds' arguments to the contrary, we have appellate jurisdiction under 28 U.S.C. § 1292(a)(1). "A district court's injunctive order, even if it is not a final judgment, is

---

[1] Following the filing of their briefs in this appeal, the Insureds filed on the day before oral argument a motion to dismiss this appeal for lack of jurisdiction. The Insureds' motion is denied. The motion purports to rely on Fed. R. Civ. P. 19, which speaks to the trial court's subject matter jurisdiction if all necessary and indispensable parties have not been joined in an action. Initially, we note that it appears the Insureds have failed to cite any court of appeals case applying Rule 19 in this context in the first instance. In any event, the Insureds have failed to show how any defendants that may have been added or not added to the relevant Complaints in the Underlying Actions are prejudiced by their absence from this appeal. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 134 (2d Cir. 2013) (quoting *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 160 (2d Cir. 2009)) (finding no prejudice when "the potential prejudice to an absent party under Rule 19(b) is mitigated where a remaining party 'could champion [his or her] interest'"). If anything, our reasoning with respect to Nautilus' duty to defend in this consolidated appeal gives guidance to other insureds under the policies.

4

immediately appealable under 28 U.S.C. § 1292(a)(1)." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 669 (3d Cir. 2016). Applying *Ramara*'s functional test, the District Court's Orders here provide injunctive relief because they direct Nautilus to prospectively defend the Insureds in the Underlying Actions, grant some relief that the Insureds requested, and could be enforced pendente lite by contempt, if necessary. *See id.* at 669–72.

We review a District Court's Order denying judgment on the pleadings *de novo*. *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). We must accept as true all facts in the pleadings and "draw all reasonable inferences in favor of the non-moving party." *Id.* at 417-18. Under Pennsylvania law, which the parties agree governs, "[t]he interpretation of an insurance policy is a question of law that we will review *de novo*." *Hanover Ins. Co. v. Urban Outfitters, Inc.*, 806 F.3d 761, 764–65 (3d Cir. 2015) (quoting *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 897 (Pa. 2006)).

### III.

When interpreting an insurance policy under Pennsylvania law, courts must look to the language and terms of the policy, with any ambiguities liberally construed in favor of the insured. *Indalex Inc. v. Nat'l Union Fire Ins. Co.*, 83 A.3d 418, 420–21 (Pa. Super. 2013). The factual allegations in the Complaint are taken as true and similarly liberally construed in favor of the insured. *Id.* at 421. Further, "an insurer has a duty to defend if there is any possibility that its coverage has been triggered by allegations in the underlying complaint." *Ramara*, 814 F.3d at 674 (citing *Am. & Foreign Ins. Co. v.*

5

*Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010)). The Pennsylvania Supreme Court held in *Kvaerner* that "the definition of 'accident' required to establish an 'occurrence' under the policies cannot be satisfied by claims based upon faulty workmanship." *Kvaerner*, 908 A.2d at 899. There is a distinction between a claim of faulty workmanship, for which an insurer does not have a duty to defend, and a claim of an "active malfunction" of a product, for which an insurer does have such a duty, since an active malfunction is sufficiently fortuitous as to constitute an "occurrence." *See Indalex*, 83 A.3d at 422-24.

Nautilus argues that the claims in the relevant Complaints in the Underlying Actions stem from the Insureds' alleged faulty workmanship, so the defects alleged are not "occurrences." Liberally construing the Complaints in favor of the Insureds, however, the Complaints allege the use of faulty materials, and the active malfunction of products, such as the windows and moisture barriers. These active product malfunctions constitute "occurrences" under the Commercial Lines Insurance policies relevant here. *See Kvaerner*, 908 A.2d at 896 ("It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured."). Thus, the District Court properly held that Nautilus has a duty to defend the Insureds in the Klehr and Milo Actions. *Ramara*, 814 F.3d at 673–74.[2]

---

[2] Having determined that the District Court properly denied Nautilus' motions for judgment on the pleadings, in that a duty to defend was triggered because the Complaints in the Underlying Actions, liberally construed, allege active malfunctions that constitute "occurrences," it is unnecessary to address the remaining arguments regarding the triggering of the duty to defend.

For the foregoing reasons, we affirm the Orders of the District Court.