RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 25a0233p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

THE ESTATE OF WILLIAM PLOTT,

        *Plaintiff-Appellant*,

    *v.*

DEPARTMENT OF HEALTH AND HUMAN SERVICES;
WILCAC LIFE INSURANCE COMPANY,

        *Defendants-Appellees*.

> No. 24-3913

Appeal from the United States District Court for the Southern District of Ohio at Cincinnati.
No. 1:21-cv-00066—Jeffery P. Hopkins, District Judge.

Argued:  July 22, 2025

Decided and Filed:  August 22, 2025

Before: COLE, GIBBONS, and BUSH, Circuit Judges.

─────────────

## COUNSEL

**ARGUED:**  Sarah B. Cameron, DINSMORE & SHOHL, LLP Covington, Kentucky, for Appellant.  Kevin Koller, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee Department for Health and Human Services.  Sandra K. Jones, FAEGRE DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania, for Appellee Wilcac Life Insurance Company.  **ON BRIEF:**  Sarah B. Cameron, DINSMORE & SHOHL, LLP Covington, Kentucky, for Appellant.  Kevin Koller, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee Department for Health and Human Services.  Sandra K. Jones, Jessica L. Gallagher, FAEGRE DRINKER BIDDLE & REATH LLP, Philadelphia, Pennsylvania, for Appellee Wilcac Life Insurance Company.

————————————

**OPINION**

————————————

COLE, Circuit Judge.  Each year on his birthday, William Plott received a payment from Wilcac Life Insurance Company under Wilcac's annuity contract with the Department of Health and Human Services (HHS).  After Plott died two months before his twenty-ninth birthday, his estate sought one final payment from Wilcac.  Wilcac refused, and Plott's estate sued Wilcac and HHS.  The district court concluded that HHS was a necessary and indispensable party under Federal Rule of Civil Procedure 19, but as HHS could not be joined without defeating the district court's subject matter jurisdiction, the district court dismissed the case.  Because the district court improperly applied Rule 19, we reverse and remand for further proceedings.

I.

This case concerns William Plott's death from vaccine complications and his estate's entitlement to compensation arising from an annuity contract.

A.

Plott received the third dose of a tetanus vaccine when he was six months old.  The vaccine caused him to suffer from multiple seizures each day and left him severely developmentally delayed.  His disability lasted his entire life.

Plott's family sued HHS under the National Vaccine Injury Compensation Program in the United States Court of Federal Claims.  Congress established the Vaccine Injury Program to compensate children who suffer from vaccine-related injuries or death.  *See* 42 U.S.C. § 300aa-10(a).  When a person has suffered vaccine-related injuries and seeks compensation, they must file a petition with the Court of Federal Claims.  *Id.* § 300aa-11(a)(1).  Upon receiving a petition, the Court of Federal Claims appoints a special master to preside over the petition.  *Id.* § 300aa-12(d).  The special master makes findings of fact and conclusions of law, and if no party objects, the Court of Federal Claims will enter judgment finalizing the special master's decision.  *Id.* §§ 300aa-12(d)(3)(A), (e)(3).

The special master in Plott's case concluded that Plott's parents were entitled to monetary relief to cover Plott's care expenses for the rest of his life. The special master ordered HHS to pay Plott $715,630.20 "as soon as possible" and further directed HHS to purchase an annuity to provide yearly payments to Plott and his family in anticipation of his care costs. (Ct. of Federal Claims Decision, R. 50-2, PageID 1692–93; Desc. Of Compensation, R. 50-2, PageID 1709.) Plott would receive each annual annuity payment on his birthday. Neither Plott nor HHS objected, so the Court of Federal Claims entered judgment in accordance with the special master's decision.

Pursuant to the Court of Federal Claims decision, HHS purchased an annuity from a predecessor entity of Wilcac. The annuity identified Plott's parents—co-guardians of his estate—as the payee and HHS as the annuity owner. It specified each payment that Wilcac would make to the estate. HHS, as the owner, had the right to change the payee and transfer ownership rights.

Plott died on June 30, 2019. Wilcac paid Plott's family on August 17, 2018, but it did not do so on August 17, 2019.

## B.

Plott's estate filed a one-count complaint against HHS and Wilcac in the Hamilton County, Ohio, Court of Common Pleas. The estate alleged that HHS and Wilcac breached the annuity contract by refusing to pay the estate for the months in Plott's final year of life, from August 17, 2018, to June 30, 2019. All told, the estate sought $180,359.79 in damages.

Wilcac removed the case to the United States District Court for the Southern District of Ohio. HHS moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and Wilcac moved to dismiss the estate's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The estate did not oppose HHS's Rule 12(b)(1) motion, so the district court granted the motion and dismissed HHS from the case for lack of jurisdiction. In a separate order, the district court denied Wilcac's Rule 12(b)(6) motion to dismiss.

Wilcac answered the estate's complaint, counterclaimed for unjust enrichment against the estate, and crossclaimed for a declaratory judgment against HHS, bringing HHS back into the case. HHS again moved to dismiss, arguing that the sole court in which it could be sued was the Court of Federal Claims. Wilcac opposed HHS's motion, but it also argued that HHS was an indispensable party pursuant to Federal Rule of Civil Procedure 19. Therefore, Wilcac argued, if the district court could not exercise jurisdiction over HHS, it ought to dismiss the entire case. Additionally, Wilcac and the estate each moved for summary judgment.

The district court granted HHS's motion to dismiss for lack of subject matter jurisdiction and dismissed the case without prejudice. The district court reaffirmed its prior conclusion that it lacked jurisdiction over HHS because HHS had not waived sovereign immunity as to this suit in the United States district courts—it may, however, be sued in the Court of Federal Claims.

The district court also concluded that, under Rule 19, HHS was a necessary and indispensable party to this case because it was a party to the contract. Thus, the case could not proceed without HHS, and the district court dismissed the case without prejudice subject to refiling in the Court of Federal Claims. The district court denied the pending summary judgment motions as moot.

The estate timely appealed the district court's dismissal of the case for failure to join HHS as a necessary and indispensable party. No party challenges the district court's decision to dismiss HHS from the case for lack of subject matter jurisdiction, and Wilcac did not appeal the dismissal of its counterclaim against the estate, thus waiving its counterclaim.

II.

We review a district court's Rule 19 necessary and indispensable conclusions under different standards of review. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1346 (6th Cir. 1993). Whether a party is necessary to an action is a factual finding this court reviews for abuse of discretion. *Wilson v. Gordon*, 822 F.3d 934, 956 (6th Cir. 2016). Whether a party is indispensable, however, is a legal conclusion we review de novo. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 200 (6th Cir. 2001).

III.

We first outline the legal principles applied in a Rule 19 determination. Second, we consider whether the district court properly applied those principles here.

A.

Rule 19 governs whether a party is necessary and indispensable. Fed. R. Civ. P. 19. This analysis requires (1) examining the party's necessity to determine whether it is "required" and (2) if the party cannot be joined because joinder will deprive the court of subject matter jurisdiction, determining whether "in [the party's] absence, equity and good conscience require the case to be dismissed" because the party is indispensable.[1] *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 264–65 (6th Cir. 2009) (en banc).

To determine if an absent party is necessary, a court assesses whether:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i) as a practical matter impair or impede the person's ability to protect the interest; or

    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a party satisfies the requirements of Rule 19(a)(1)(A) or (B), it is necessary. *See Sch. Dist. of City of Pontiac*, 584 F.3d at 264. And if joinder of the necessary party would not deprive the court of subject matter jurisdiction, the court must add the party. Fed. R. Civ. P. 19(a)(1).

If joining the necessary party would deprive the court of subject matter jurisdiction, however, the court must assess whether the party is indispensable. *See Glancy*, 373 F.3d at 672.

---

[1]This test is sometimes described as a three-step process, but under both processes, the analysis is equivalent. *See Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) ("Assessing whether joinder is proper under Rule 19 is a three-step process.").

To determine whether the necessary party is indispensable, Rule 19 sets forth four (nonexhaustive) factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b); *see, e.g.*, *Glancy*, 373 F.3d at 672 (considering the four Rule 19(b) factors).

Rule 19 imposes a "pragmatic approach" that considers "whether, in equity and good conscience, the action should be dismissed because of the indispensability of the absentee." *Glancy*, 373 F.3d at 665, 669 (citation modified); Fed. R. Civ. P. 19(b). "The rule is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Keweenaw Bay*, 11 F.3d at 1346. There is no "prescribed formula" for the Rule 19 analysis, and "abundant case law supports the proposition that [Rule 19] is to be applied on a case by case basis." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 765 (6th Cir. 1999).

B.

With those principles in mind, we turn our focus to the case at bar. The district court concluded that "because HHS is the owner of the annuity, and therefore a party to the annuity contract, it is a necessary and indispensable party to this lawsuit under Rule 19." (Op. & Order, R. 61, PageID 1937.) In support of this proposition, the district court cited a string of cases, but it did not engage with the Rule 19 framework or assess the nature of the annuity contract, the Court of Federal Claims decision, or the effect of these documents on the relationship between the parties. (*See id.*) By abbreviating its Rule 19 analysis, the district court effectively created a

bright-line rule that all parties to a contract are necessary and indispensable to lawsuits involving the underlying contract. But our precedent does not support concluding that a person, business, or other entity is necessary and indispensable simply because it is party to the contract at issue in a case.

While we have not explicitly rejected the proposition that parties to a contract are per se necessary and indispensable to litigation involving said contract, we have approached the issue with case-specific nuance. *See, e.g.*, *PaineWebber*, 276 F.3d at 199 (concluding that a party "cover[ed]" by a contract was not indispensable). At least one district court within the Sixth Circuit, meanwhile, has made that rejection explicit. *See, e.g.*, *Stanley Elec. Co. v. Crawford Equip. & Eng'g Co.*, 249 F.R.D. 267, 273 (S.D. Ohio 2008) ("[A] general rule that a party to a contract . . . is always indispensable, merely by virtue of having signed that contract. . . . is precisely the type of 'thoughtless labeling' based on bare legal relationships that should not be a part of the Rule 19 analysis."); *see also Bye v. Nationwide Mut. Ins. Co.*, No. 08-CV-10824, 2008 WL 3200308, at \*5 (E.D. Mich. Aug. 5, 2008) ("[A]lthough being a party to a contract may give rise to legal rights, this standing alone does not make that party a 'required' party under Rule 19.").

We also note that, in cases where the defendant asserts that a different entity (like an indemnitor or contributor) is liable to them if the defendant loses, the indemnitor or contributor usually will not be necessary and indispensable. In the ordinary damages suit, the defendant can receive complete relief by seeking indemnity or contribution in a separate lawsuit instead of compelling joinder in the original lawsuit, however preferable that may be. To put it more concretely, if driver A sues driver B for damages because of a car accident, and driver B has an insurance policy, the insurance company will not normally be a necessary and indispensable party because driver B could always file a separate lawsuit for indemnification against the insurance company rather than compelling its joinder in the lawsuit between the two drivers.[2] *See, e.g.*, *Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1054

---

[2]That is why Rule 19 cases often involve actions for equitable relief instead of damages actions. *See, e.g.*, *Keweenaw Bay*, 11 F.3d at 1344.

(3d Cir. 1988) (holding that, when the defendant was a party to an indemnification agreement, the indemnitor was not a necessary and indispensable party).

So if the estate wins against Wilcac here, Wilcac could sue HHS for indemnity or contribution in the Court of Federal Claims, *see, e.g.*, *Cotter Corp., N.S.L. v. United States*, 127 F.4th 1353 (Fed. Cir. 2025), which would ensure that both the estate and Wilcac can receive complete relief despite HHS's absence from this case.[3]  HHS, in other words, would not need to be a party to this lawsuit for all involved to get complete relief.  Although this will ultimately be a matter for the district court to address on remand, we point this out to illustrate the issue with calling all contractual parties necessary and indispensable under Rule 19.

In any case, such a bright-line rule is incompatible with the "abundant case law" supporting Rule 19's application on a "case by case basis."  *See Soberay*, 181 F.3d at 765. Precedent from other circuits also supports this conclusion.  *See, e.g.*, *CP Sols. PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009) ("In its initial decision, the district court did not apply these factors but instead adopted a bright-line rule that all parties to a contract are indispensable. Such a rule is inconsistent with Rule 19(b)'s flexible standard."); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 402 (3d Cir. 1993) (noting that "the sole signatory to the contract [plaintiff] sued on" was not a necessary party under Rule 19(a), rendering a Rule 19(b) analysis unnecessary); *Nat'l Union Fire Ins. Co. v. Rite Aid*, 210 F.3d 246, 252 (4th Cir. 2000) (recognizing that "a contracting party is the paradigm of an indispensable party," but proceeding to "address the factors outlined in Rule 19(b)" (internal citation omitted)); *In re Olympic Mills Corp.*, 477 F.3d 1, 10 (1st Cir. 2007) (remarking that "co-obligors generally are not indispensable parties in contract disputes that do not involve reformation, cancellation, rescission, or otherwise challenge the validity of the contract"). Because district courts must conduct a Rule 19 analysis on a case-by-case basis, a party to a contract is not per se necessary and indispensable to litigation involving that contract.

---

[3]This should in no way be construed as our commentary on the merits of the estate's claims or a hypothetical contribution action by Wilcac against HHS.

Wilcac, for its part, appears to concede that such a bright-line rule contradicts Rule 19. Rather, Wilcac argues that the district court properly considered the factors delineated in Rule 19 by citing cases to support its conclusion. Although the district court's cited cases held that specific parties to a contract were necessary or indispensable to litigation involving that contract, *see, e.g.*, *Dollison v. Antero Res. Corp.*, 600 F. Supp. 3d 827, 835 (S.D. Ohio 2022), the district court still needed to conduct a pragmatic, case-specific Rule 19 analysis of the parties before it. It did not do so.

Without explicit reasoning or application of Rule 19 below, we are unable to determine the basis for the district court's Rule 19(a) determination. We cannot discern whether the district court found HHS necessary because the court could not afford complete relief among the existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). And we do not know whether it determined that HHS claims an interest in the litigation that will not be protected in HHS's absence. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Nor can we determine whether any of the four Rule 19(b) factors supported finding HHS indispensable. *See* Fed. R. Civ. P. 19(b).

On remand, the district court should consider the case-specific facts to determine whether HHS is necessary and indispensable. For example, Wilcac's counsel stated at oral argument that they would not interpret the contract in a way that would impact the special master's decision—Wilcac views the special master's decision as consistent with the annuity contract. And Wilcac conceded that it does not foresee making any argument adverse to HHS. These facts are crucial to determining whether HHS's interests are adequately represented by Wilcac and therefore whether HHS is a necessary party. *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

Should the district court determine that HHS is necessary, the Rule 19(b) factors will clarify whether HHS is an indispensable party. If HHS is an indispensable party, for example, the estate will have no recourse against Wilcac. It can sue HHS in the Court of Federal Claims, but it cannot sue Wilcac there. And the estate has disclaimed any claim against HHS. Thus, the estate claims it will not have an adequate remedy if this case cannot proceed in HHS's absence. *See* Fed. R. Civ. P. 19(b)(4).

Rule 19 requires courts to consider multiple factors to determine whether a party is necessary and indispensable. Because Rule 19 requires factfinding, we leave these issues for the district court to resolve in the first instance.

IV.

For these reasons, we reverse and remand for further proceedings consistent with this opinion.